## Richmond

MICHAEL A. BERNARDINI, ET AL.

V.

CENTRAL NATIONAL BANK OF RICHMOND

April 30, 1982.

Record No. 791176.

Present: All the Justices.

William H. Martin, Jr. (Gambill & Martin, on briefs), for appellant.

G. Andrew Nea, Jr. (Wallerstein, Goode & Dobbins, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In this appeal, we review the trial court's decision that certain funds which were statutorily exempt from the claims of creditors lost this exemption when they were deposited in a general bank account.

On February 16, 1978, Michael and Doris Bernardini deposited in their joint checking account at the Central National Bank of Richmond a check in the amount of $386.00, paid to them as workmen's compensation benefits. Five days later, they deposited two checks totaling $1,780.36 received as Social Security disability benefits and a $233.72 check received by Mrs. Bernardini as wages.

On February 22, the bank offset all funds in the Bernardinis' account against a business indebtedness Mr. Bernardini owed to the bank. This caused 27 checks written by the Bernardinis to pay their personal bills to be dishonored.

The Bernardinis concede the bank could offset the funds in their joint account to pay Mr. Bernardini's obligation. However, they contend the disability benefits are made totally exempt from the claims of creditors by state[1] and federal[2] statutes. Further,

---

[1] Code § 65.1-82 of the Workmen's Compensation Act reads:
No claim for compensation under this Act shall be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors.

[2] The Social Security Act provides that:
The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy,

they argue that 75% of Mrs. Bernardini's wages are exempt.[3] The bank argues that whatever the status of the funds while in the hands of the Bernardinis,[4] they lost their exemption when they were deposited in the bank.

The general rule is that " 'the relation between a general depositor and the bank in which his deposit is made is simply that of debtor and creditor. The moneys deposited immediately become the property of the bank, and the latter becomes debtor of the depositor . . . .' " *Reserve Bank* v. *State Bank,* 150 Va. 423, 430-31, 143 S.E. 697, 699 (1928). Thus, the bank has "a right of set off of any debt due it by the depositor against such deposit." *Id.* at 433, 143 S.E. at 700. However, when funds are deposited for a special purpose with notice to the bank, the deposit does not become the property of the bank and the right of set-off does not exist. *First Nat. Bank* v. *Commercial Bank,* 163 Va. 162, 169, 175 S.E. 775, 777 (1934).

The Bernardinis concede their deposits were not designated for a specific purpose and that the bank had no knowledge of the sources of the funds. Nevertheless, they contend the funds retained their exempt status when deposited in the bank and therefore were not subject to the bank's right of set-off. We cannot agree.

The rationale urged on us by the appellants would place an impossible burden on the Commonwealth's banking system. *See Cocke's Adm'r.* v. *Loyall,* 150 Va. 336, 143 S.E. 881 (1928). The bank would be charged with the responsibility of inquiring into and noting the source of each deposit made with it. Only in this

---

attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407 (1970).

In *Philpott* v. *Essex County Welfare Board,* 409 U.S. 413 (1973), the Court held this statute applied to moneys deposited in a bank. However, in that case, the money was deposited in a trustee's account and there was no evidence the Social Security benefits were commingled with other funds. This distinguishes the case from the one at bar.

[3] The Bernardinis rely on Code § 34-29 which reads in pertinent part:

(a) . . . the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed . . . :

(1) Twenty-five per centum of his disposable earnings for that week . . . .

[4] The trial court ruled that the three statutes in question were broad enough to include the bank's common law right of set-off. The bank does not appeal this ruling, and we will therefore assume without deciding that it was correct.

manner could the bank protect itself from liability for wrongful dishonor when funds were claimed by a creditor of the depositor.

An additional problem arises where, as here, the funds claimed to be exempt are commingled with other, clearly nonexempt, money. By what procedure is the bank to determine at any instant which portion of the account is exempt and which is available to satisfy the claims of creditors?

The above problems must be contrasted with the procedure a debtor could follow to protect his exempt funds. By depositing the funds in a special account with proper notice to the bank, and keeping these moneys separate from other nonexempt funds, a debtor can protect himself from creditors and still avail himself of the conveniences of modern banking.

We hold that by depositing the checks in a general account and commingling them with other nonexempt money, the Bernardinis' funds lost whatever exemptions they may have had. Accordingly, the decree of the trial court will be affirmed.

*Affirmed.*