## CIRCUIT COURT OF WARREN COUNTY

Joseph Chiang, Jr.

v.

Marc A. Busman et al.

July 2, 1986

Case No. (Law) 7526

By JUDGE HENRY H. WHITING

The Court must decide whether a plaintiff must show that an attaching creditor knew none of the funds in an escrow account subjected to a garnishment belonged to him to be successful in an "abuse of process" case.

The debtor claims that the garnishment of his bank account upon a judgment against him constituted an abuse of process "calculated to injure innocent parties and to injure your Plaintiff in a manner not in keeping with his actual obligation [to the judgment creditor]." (Paragraph 7, motion for judgment.)

According to the attorney for the judgment creditor, he was told by the judgment debtor after he obtained the judgment in a contested hearing, "He was 'judgment proof' [and when the attorney] indicated that he would file interrogatories and determine the names of insurance carriers for which Chiang was an agent, and would garnishee the commissions from the carriers, Chiang replied that the carriers did not send any checks to him and that [the attorney] could file as many garnishments as he wished against such carriers but would not receive a penny." A handwritten note filed in support of his first request for a hearing for an exemption on March 26, 1984, contained the statements, "My current business account is at the

Peoples Bank of Front Royal, Front Royal, Virginia, 68-296/514 Chiang Insurance Agency - Premium Escrow Account, Account No. 163341 - good luck attaching it," and based on those statements the attorney concluded that the debtor must receive his commissions by deducting them from the premiums he received from his customers and therefore the "escrow account" must contain money which belonged to Chiang subject to garnishment to that extent. It was only after the garnishment was filed that Chiang filed an affidavit contending that none of the funds belonged to him.

Chiang contends that when the judgment creditor garnisheed his escrow account he committed the tort of abuse of process. That tort is one involving the use of legal process against another to accomplish a purpose for which it was not designed. *Glidewell v. Murray-Lacy*, 124 Va. 563 (1919); § 682 Restatement of Torts. Quoting from *Glidewell*:

> The true rule would plainly seem to be that it is not necessary to allege or prove that the process was maliciously sued out, as in malicious prosecution, but that it is necessary to allege and prove that the process after being properly sued out was maliciously misused or abused. The authorities are practically unanimous in holding that to maintain the action there must be proof of a willful and intentional abuse or misuse of the process for the accomplishment of some wrongful object--an intentional and willful perversion of it to the unlawful injury of another. From such use or employment of the process, as from any other willful wrong, the law implies malice. It is safe to say that no action for abuse of process can be maintained without proof that the process was used under circumstances amounting to either actual or implied malice.
>
> To sum up this branch of the discussion, if process is willfully used for a purpose not justified by law, it is an abuse for which an action will lie. The abuse consists in the unlawful use. While it cannot be wrong to do

a lawful act in a lawful way, it is a wrong to do a lawful act in an unlawful way. It is the unlawful method by which the act is done that gives rise to the action, and the intentional use of this method constitutes malice in law. The malice need not be expressly charged, but, if not, there must be an averment of facts from which the law implies the malice. *Id.*, at 571.

Judge Moylan in *Herring v. Citizens Bank & Trust Co.*, 321 A.2d 182, 87 A.L.R.3d 527 (Md. App. 1974), made it plain that the process must be abused after it had been issued and that abuse involved its use to accomplish some ulterior motive. The examples given in the Restatement are illustrative and in each the abuser used the process as an effort to collect money or obtain a concession from the judgment debtor not to be expected from the process itself. The first example is that of a creditor of the owner of a vessel issuing a capias against the debtor to recover the amount loaned, knowing he could not pay the money or obtain bail merely to force the debtor to give up the register of the vessel, which the creditor had no right to. That example came from the classic English case of *Grainger v. Hill*, 4 Bing. (N.C.) 212, 132 Eng. Rep. 769 (1838), which the Court said was to be "an object totally foreign to that to which the process actually issued." Another example given by Judge Moylan is the use of the criminal process as a private collection agency, 87 A.L.R.3d at 539. Applying that principle to this case, it is my opinion that the plaintiff must show that this creditor was using the garnishment process "in a manner not contemplated by law after it has been issued," 87 A.L.R.3d 538, or for "an object totally foreign to that to which the process actually issued." *Grainger, supra.* Specifically, I believe he must show that the creditor procured the issuance of the injunction and had it served *knowing* that none of the money belonged to Chiang but hoping to force him to pay the claim to avoid an interference with his business relation with his customers, the "*intentional* and *willful* perversion*" of process referred to in *Grainger, supra.* (Emphasis added.)

The case of *Layton v. Chase*, 144 N.W.2d 561 (S.D. 1966), is fairly close to this one. There a creditor

garnisheed a bank account of both husband and wife for a small debt owed jointly by the husband and wife but also for a much larger debt owed by the husband. The wife claimed that the account was exempt from garnishment because it contained funds derived for her from welfare payments exempt under the South Dakota law. The Court held that the creditor was not liable as a matter of law because "The facts do not reflect a malicious abuse of process for the accomplishment of a collateral purpose other than the collection of alleged debts," *id.* at 564, the Court pointing out earlier that the improper purpose involved in abuse of process:

> usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself such as the surrender of property or the payment of money, by the use of this process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance of any formal use of the process itself which constitutes the tort.

While the debtor contends that the mere mention of the fact that he has an escrow account charges the attorney with knowledge that none of the money is his, no authority is cited in support of that contention. While neither party has supplied any authority and the Court is not deciding the issue in this letter, the Court suspects that merely designating an account as an escrow account without specific segregation of the fund might not be sufficient to immunize any of those funds against the claims of creditors. For the purpose of this case the Court is assuming that it does insulate those funds since the defendant supplies no authority to support that proposition. Even so, unless the debtor or the third parties whose premiums are deposited come forward under the provisions of Virginia Code § 8.01-512.5 to establish the exemption, both the Court and the creditor are entitled to assume that the funds are subject to the garnishment. The case of *Bernardini v. Central National Bank of Richmond*, 223 Va. 519 (1982), is not exactly in point although it holds that where funds of the debtor are commingled

in the debtor's general bank account the debtors may not later segregate some of those funds as proceeds of Social Security benefits exempt from garnishment. The *Bernardini* accounts were not escrow accounts but simply general deposits, and perhaps the labeling of an account as an escrow account under the apparent concession by the defendant would give the judgment debtor and his customers the right to establish that all the funds in the account belonged to those customers and thus no garnishment.

Counsel should notify the Court if there are any other questions to be resolved prior to trial and then the case will be set for trial.