**CIRCUIT COURT OF FAIRFAX COUNTY**

Sterling/Gunston, L.P.

    v.

Splash, Inc., et al.

March 11, 1997

Case No. (Law) 149466

BY JUDGE ROBERT W. WOOLRIDGE, JR.

This matter arose from a third-party claim of right to funds garnished by the judgment creditor, Sterling/Gunston, L.P. ("Sterling"), and now held by this Court. Sterling claims that it is entitled to the sum of $16,469.28 being held by the Fairfax County Circuit Court as the result of a garnishment summons filed on January 31, 1996, against co-defendant First Union National Bank ("First Union"). The judgment debtor, Splash, Inc. ("Splash"), had a judgment rendered against it in favor of Sterling for $26,716.51 on December 22, 1995. Sterling filed its garnishment action on January 31, 1996. The Clerk of Court issued the garnishment summons on February 8, 1996, and it was served on First Union on February 15, 1996, with a return date of March 1, 1996. The issue before the court is whether any portion of a $20,485.00 deposit mistakenly transferred to Splash's First Union account on February 14 and 16, 1996, by one of Splash's clients, Usman Co., is subject to the garnishment imposed by Sterling.

Usman Co. owed Splash $650.00 as a final payment on a shipment of second-hand clothes which Usman Co. intended to sell overseas. The parties do not dispute that a bookkeeping error was made when Usman Co. wired $20,485.00 to Splash's checking account in Virginia. Except for the $650.00 still owing, this money transfer represented a double payment for the container of used clothing already received and paid for by Usman Co. The bookkeeper

should have transferred this money to the personal account of one of Splash's owners, Figrat "Fred" Orfali, in Toronto as compensation for services and commission. Upon discovering the mistake, Mr. Orfali immediately faxed a letter to Splash on February 17, 1996, notifying Splash of the unintended deposit and requesting they return the money immediately to Mr. Orfali's personal account in Canada. Wayne Hudson, Vice President of Splash, testified that he was aware of Usman Co.'s overpayment and promised to return the money. Mr. Hudson alleges he never considered the $20,485.00 to be Splash's property. On February 18, 1996, Usman notified First Union by facsimile letter of the unintended deposit.[1]

On March 1, 1996, before any money had been returned to Mr. Orfali, First Union answered Sterling/Gunston's garnishment summons and paid $16,469.28 (the account balance) into this Court. Mr. Orfali has joined this action as a third-party claimant and requests that the money erroneously transferred to Splash's account at First Union be paid to him by this court.

Whether funds mistakenly transferred to the running checking account of a judgment debtor by a third party are subject to garnishment by the judgment creditor is a question of a first impression in Virginia. I find that the sums are subject to garnishment and therefore deny the interpleader petition to return them to Mr. Orfali or Usman Co.

A judgment creditor may only garnish a judgment debtor's property to the extent of the debtor's interest in that property. *Lynch v. Johnson*, 196 Va. 516 (1994); *Bank of Virginia v. Golubin & Warwick, Inc.*, 5 Va. Cir. 28 (1981). A court "cannot … enter any order or judgment against the garnishee unless he is found either to be indebted to the judgment debtor or to have possession of property of such debtor for which debt or property the judgment debtor himself could maintain an action at law." *Lynch*, 196 Va. at 520. The answer to the garnishment filed by the garnishee "shall show the amount the garnishee is indebted to the judgment debtor, if any, or what property or effects, if any, the garnishee has or holds which belongs to the judgment debtor, or in which he has an interest." Va. Code § 8.01-515.

The inquiry in the instant case must therefore be as to the relationship between the garnishee (First Union) and the judgment debtor (Splash). Splash had a running checking account with First Union. Deposits to that checking account were, as between Splash and First Union, clearly the property of

---

[1] The document reflecting this notice was Orfali Exhibit 4. Sterling's objection to that exhibit was sustained at trial on the grounds of hearsay. In hindsight, I find the exhibit should have been admitted not for its truth but for the limited purpose of showing notice to First Union. I now admit it for that purpose only.

Splash. First Union was indebted to Splash in the amount of the balance in Splash's account. Splash could have maintained an action against First Union to recover those funds. Neither the account nor the funds at the time they went into the account were limited in any way (such as trustee, escrow, etc.). Indeed, the testimony at trial was that Splash made use of some of the mistakenly deposited funds for other corporate obligations. That Usman Co. notified First Union of its claim to the funds and the fact of the mistaken deposit after the deposit was made does not alter the character of the funds once placed into the account. Nor does it affect Splash's right to the funds vis-a-vis First Union. Splash's interest in the funds was created immediately upon their deposit and could only be refuted if the deposit was made with advance notice to First Union that it was for a special or limited purpose. *Bernardini v. Central National Bank*, 223 Va. 519 (1982). Holding otherwise would impose an impossible burden on banks to distinguish exempt from non-exempt money in a general checking account. *Bernardini*, 223 Va. at 521. Banks would need to inquire into the source of each deposit to determine its liability when funds were made subject to garnishment. "By depositing the funds in a special account with proper notice to the bank and keeping these monies separate from non-exempt funds, a debtor can protect himself from creditors and still avail himself of the conveniences of modern banking." *Bernardini*, 223 Va. at 522. Money that otherwise might be exempt from garnishment becomes subject to garnishment when it is co-mingled with non-exempt money in a general checking account. This must be true even if the co-mingling was inadvertent.

Mr. Orfali is not without his legal remedies in this matter. He may pursue an action against Usman Co. for having mistakenly made the deposit. He may pursue an action against Splash for the recovery of his funds. That there may be practical limitations to these remedies does not diminish them as legal recourse.

Mr. Orfali's bill of interpleader is denied. Ms. Andrews shall prepare an order reflecting and incorporating this opinion letter and providing for the payment by the Clerk of this Court to Sterling in the amount of $16,469.28.