# CIRCUIT COURT OF WASHINGTON COUNTY

Daisy J., Inc.

v.

First Bank
and Trust Co.

October 30, 1998

BY JUDGE CHARLES H. SMITH, JR.

I have completed my review of the file in this case which has been submitted to me for disposition on the defendant's Motion for Summary Judgment. The court heard arguments of counsel on the motion on July 28, 1998, and took the matter under advisement. I have reviewed the pleadings and exhibits, the memoranda of counsel, and authorities cited therein and considered same in light of counsel's arguments made at the hearing. In consideration of all of which, the court finds as follows.

The plaintiff filed this three-count motion for judgment against the defendant on April 12, 1996, seeking damages for alleged breach of contract, breach of fiduciary duty, and negligence. The suit arises out of a lending agreement between the plaintiff and defendant executed on April 26, 1995, wherein the defendant agreed to lend the plaintiff a sum not to exceed $420,000.00 to be used by the plaintiff for the construction of a commercial building. The terms of the loan called for multiple advances to be made to the plaintiff "upon inspection and satisfactory process of construction." The loan carried interest at 9.5% with interest payments commencing May 26, 1995, through November of 1995, with 59 payments of principal and interest in the amount of $4,454.59 each, commencing November 26, 1995. Prior to the execution of this loan agreement, the plaintiff had entered into a construction agreement with Rocky Creek Constructors on April 4, 1995, for the construction of this commercial building. The contract between plaintiff and Rocky Creek Constructors, the general contractor, called for six progression

payments during construction totaling $363,000.00. The general contractor received six draws between April and August of 1995, totaling $289,600.00. Five of these draws, totaling $253,400.00, were made directly by the defendant to the general contractor. Only one of the draws, for $36,200.00, was made to the general contractor by the plaintiff, in April of 1995. On October 19, 1995, the general contractor apparently went to the defendant and demanded its final payment. The plaintiff contends that the defendant, upon inspecting the property and discovering that it was not near completion, refused the payment and the general contractor walked off the job. The plaintiff contends that this left it with a construction project with about $125,000.00 worth of work accomplished for which the general contractor had been paid $289,600.00, and which, according to an estimate received from another contractor, would take another $264,780.00 to complete.

The plaintiff contends that the language utilized in the loan agreement, placed in there by the defendant, which conditioned advances "upon inspection and satisfactory process of construction" imposed a contractual responsibility upon the defendant to make on-site inspections of the construction before making advances on the loan. The plaintiff contends the defendant breached its contract in failing to do so. The plaintiff further contends that the defendant breached a fiduciary relationship that existed between it and the defendant. The plaintiff contends this fiduciary duty arose by virtue of the defendant's becoming the plaintiff's agent for the purpose of inspecting progress and making advancements of plaintiff's money to the general contractor instead of to the plaintiff. The plaintiff contends the defendant insisted upon this arrangement. The plaintiff contends that defendant did not obtain its approval for these direct disbursements. The final count of the motion for judgment sounds in tort and alleges the defendant negligently breached its duty to the plaintiff to use ordinary care to inspect the progress of the construction before making advancements of its loan funds to the general contractor.

The defendant has moved for summary judgment on the basis of the pleadings and exhibits. The exhibits include the loan agreement, the construction contract, some of plaintiff's answers to interrogatories, copies of loan notices, cancelled checks, etc. The defendant contends it is entitled to summary judgment on the basis of these documents since no material fact is genuinely in dispute. The defendant contends that the breach of contract claim is without merit since the only document signed by anyone is the loan agreement which was signed only by the plaintiff. That loan agreement, the defendant contends, detailed only the obligations by the plaintiff to the defendant. The defendant invokes the provisions of the Statute of Frauds on

this issue which requires such agreements to be in writing and signed by the person to be charged in order to be enforceable against that person. (§ 11-2(9) of the Code.) The Statute of Frauds notwithstanding, the defendant contends it would be absurd to enforce the provision conditioning future advancements "upon inspection and satisfactory process of construction" upon it since the bank undertook no obligations or responsibilities concerning inspection of the construction process. As to the contention that loan advancements were made by the bank to the general contractor without the knowledge and consent of the plaintiff, the defendant points to plaintiff's answers to interrogatories where it admitted the authenticity of the "Notices of Loan Payment Due" which were regularly received and paid by the plaintiff. Essentially, the defendant argues that the plaintiff knew, or should have known, of the progress of its construction project since it continued to make regular payments according to the loan notices, which increased incrementally with each one and failed to make any complaint about the advancements until the last advance was refused by the bank and the general contractor walked off the job. In support of its motion on the breach of contract, the defendant relies upon the Virginia Supreme Court case of *Brauer v. NationsBank*, 251 Va. 28 (1996). In that case, the Supreme Court sustained the trial court's granting of summary judgment in a case wherein the bank had approved the advancement of funds under a line of credit for purposes not indicated on the loan agreement. In affirming the trial court's grant of summary judgment, the Supreme Court noted that the language within the loan agreement imposed no legal duty on the bank to monitor or insure that the loan proceeds were used for the purposes specified in the grid note.

As to the claims for breach of fiduciary duty and negligence, the defendant contends that there was no fiduciary relationship between the plaintiff and the defendant and that there was no duty owed by the defendant to the plaintiff which would support a claim for negligence. The defendant cites the Virginia Supreme Court case of *Deal's Administrator v. Merchants and Mechanics Savings Bank*, 120 Va. 297 (1917), and the decision of the Circuit Court of the City of Hampton in the case of *Aldrich v. Old Point National Bank*, 35 Va. Cir. 545 (1993), in support of its position. The defendant further points to decisions from appellate courts in other jurisdictions which have refused to impose a fiduciary duty upon a lender. The defendant contends that this was a typical creditor-debtor relationship in which the defendant undertook no duty at all to the plaintiff other than to lend the funds and pay them in a manner specified by the plaintiff. The defendant further points to numerous compelling public policy arguments against the imposition of any duty on lenders in such circumstances.

As counsel are aware, we start with the basic proposition reiterated time and again by the Supreme Court that summary judgment is not favored and should not be granted lightly. The litigants are entitled to their day in court on the issues where there is a genuine dispute on any material fact. The purpose of the rule is to allow courts to bring litigation to an early end where it appears that one of the parties is entitled to judgment within the framework of the case as made out. The court, in considering the motion for summary judgment, is required to view the facts and adopt those inferences from the facts that are most favorable to the non-moving party unless such inferences are strained, forced, or contrary to reason. *Carson, ex rel. Meredith v. LeBlanc*, 245 Va. 135 (1993).

This court is of the opinion that the law in the Commonwealth, with regard to the contract claim stated here, is essentially as set out by the defendant in its memorandum. That is to say, loan agreements, in general, do not impose contractual limits or obligations upon the lender. Instead the provisions of same are intended to bind and/or limit the rights and obligations of the borrower. Further, such agreements or promises to lend money or extend credit in an aggregate amount of $25,000.00 or more are within the Statute of Frauds and must be in writing and signed by the person to be charged in order to be enforceable against that person. However, agreements between lenders and borrowers run the gamut from the simplest promissory note to the most complex guarantee/indemnity agreement, and there is no standard form for either. The court can take judicial knowledge of the fact that most notes are not signed by the lender and most do not impose specific responsibilities or obligations upon the lender. That is not to say that they cannot or do not. Such agreements are contracts. Indeed, one of the cases cited by the defendant, *Deal's Administrator v. Merchants and Mechanics Savings Bank, supra*, specifically refers to such debtor-creditor relationships as "a pure contractual relation ... ." As such, the same would naturally be subject to the ordinary rules of construction and interpretation applicable to contracts in general. In that context, this court is of the opinion that there is an ambiguity in this contract concerning conditions under which advancements were to be made that may be dependent upon parol evidence to resolve. This constitutes a material fact that is genuinely in dispute.

While the court may be able to take judicial knowledge of the fact that it is not the normal policy, procedure, custom, or trade of vendors to be the inspectors of the projects for which they lend money, the same may apply equally well to the fact that lenders under such contracts normally make advancements of their borrowers' funds to the borrower directly and not to third parties. The defendant, in its memorandum, has set forth what it deems

to be facts that are not in dispute but, in a footnote on page 4 of its memorandum, also notes that there is a dispute as to whether or not the plaintiff approved all disbursements before they were made to the general contractor. The defendant seems to imply that that is of no consequence, however, since the plaintiff admitted, in interrogatories, the receipt of and payment of the notices for payment. While that may be some proof, inferentially or circumstantially, of the plaintiff's knowledge of and acquiescence in the advances made to its general contractor, that is no substitute for actual testimonial proof given under oath to a fact finder peculiarly situated to observe the witnesses' demeanor and give such weight and credibility to their testimony as they deem appropriate. The pleadings and inferences to be drawn therefrom, taken in the light most favorable to the plaintiff, would seem to indicate that these payments were made by plaintiff in reliance upon the defendant's inspections. The court is of the opinion that this creates or constitutes a material fact that is genuinely in dispute.

As to the Statute of Frauds, the court is of the opinion that it has no application here since we are dealing with an executed, or at least partially executed, contract. The alleged performance by both parties hereto takes it out of the Statute of Frauds.

With regard to the contention that the defendant has breached its fiduciary duty to the plaintiff, the court is of the opinion that the law of the Commonwealth is generally as stated by the defendant in its memorandum. That is to say, under normal circumstances, the existence of the debtor-creditor relationship does not create a privilege or right of a fiduciary character. However, the pleadings contain strong allegations of an agency relationship between the plaintiff and the defendant. Obviously, agents owe a fiduciary duty to their principals. The plaintiff contends that the defendant insisted upon making advancements of its money to the general contractor. The defendant denies this. The plaintiff contends that the defendant became its agent for the purpose of making inspections before disbursing its funds. The defendant denies this. An agency relationship may be created by implication from the conduct of the parties and the nature and circumstances of the particular acts done. No writing is required. Whether or not this agency relationship was created and the nature and extent of the obligations undertaken thereby create a genuine dispute of material facts, the resolution of which will depend upon the reconciliation of conflicting evidence presented to a fact finder.

For the above reasons, the court will deny the motion for summary judgment at this time.