# CIRCUIT COURT OF THE CITY OF RICHMOND

Karen Comeaux

v.

First Union National Bank

April 17, 2001

Case No. LL-1696

BY JUDGE MELVIN R. HUGHES

This matter is before the court on the demurrer of the defendant to each of the seven counts in the Amended Motion for Judgment.

The court reviews the demurrer under the well-established principle that "a demurrer admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from alleged facts." *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397 (1991).

Briefly, in July 1996, plaintiff, formerly known as Karen Patterson, and her husband at the time, L. Scott Patterson, had a joint bank account with First Union's predecessor. The plaintiff and her husband were then living separate and apart. Plaintiff attempted to withdraw money from the joint account and was told by the branch manager that the manager could not authorize the release of any funds from the account without a request by Mr. Patterson. Subsequently, the manager told plaintiff that neither she nor her husband could withdraw funds from the account without obtaining the written authorization of the other party. This agreement was memorialized in writing by the bank manager. The writing is attached as Exhibit A to the Amended Motion for Judgment and is incorporated by reference therein. Plaintiff alleges that in September of 1997, First Union allowed Mr. Patterson to withdraw all

funds from the account and to close the account without plaintiff's authorization.

First Union first argues that the entire Amended Motion for Judgment should be dismissed pursuant to Va. Code §§ 6.1-125.9 and 6.1-125.13. Section 6.1-125.9 permits multiple-party accounts to be paid to any one or more of the parties. Section 6.1-125.13 provides in pertinent part:

> Payment made pursuant to §§ 6.1-125.9 through 6.1-125.12 discharges the financial institution from all claims for amounts so paid whether or not the payment is consistent with the beneficial ownership of the account as between parties, P.O.D. payees, or beneficiaries, or their successors. The protection here given does not extend to payments made after a financial institution has received written notice from any party able to request present payment to the effect that withdrawals in accordance with the terms of the account should not be permitted.

Plaintiff has pleaded facts which infer that she orally requested that the bank not allow Mr. Patterson to withdraw funds from the account. Plaintiff also states that her husband, in fact, made an oral request that she not be allowed to withdraw funds from the account. According to the pleadings, these oral requests were reduced to writing by the bank. It is a matter for further evidence as to whether § 6.1-125.12 protects First Union from any claims made by the plaintiff. The demurrer will not be sustained on this basis.

First Union next argues for the dismissal of Counts II through VII on an individual basis. First Union asserts that Count II fails to state a cause of action for Conversion/Assumpsit. One of the elements of a conversion action is the wrongful exercise over another's goods which deprives that person of possession. *See Universal C.I.T. Credit Corp. v. Kaplan*, 198 Va. 67 (1956). When the Pattersons deposited money into their joint account, the money became the property of the bank. *See Bernardini v. Central Nat'l Bank*, 223 Va. 519 (1982). Because the money became the property of the bank, the bank could not have wrongfully exercised power over another's goods. For this reason, the demurrer is sustained as to Count II.

First Union also argues that plaintiff has failed to state a cause of action for Count III, Breach of Fiduciary Duty. When money is deposited with a bank, a debtor-creditor relationship is created. *See Deal's Adm'r v. Merchants and Mechanics Sav. Bank*, 120 Va. 297 (1917). Specifically, the Court stated, "The deposit creates an ordinary debt, not a privilege or right of a fiduciary character." *Deal's Adm'r*, 120 Va. at 299.

Plaintiff cites *Daisy J., Inc. v. First Bank and Trust Co.*, 50 Va. Cir. 596 (1998), for the proposition that, under some circumstances, there can be a fiduciary relationship between a bank and a depositor. In that case, plaintiff alleged that the defendant bank undertook to act as the plaintiff's agent by agreeing to make inspections of a construction project before dispersing certain funds. There are no allegations in the instant case that First Union undertook to act as the plaintiff's agent. Because plaintiff has pleaded facts that only establish a debtor-creditor relationship and nothing more, the demurrer is sustained as to Count III.

First Union argues that plaintiff has failed to state a cause of action for Detinue, Count IV, because the money was the property of the bank. As noted above, it is established that upon deposit, money becomes the property of the bank. The demurrer to Count IV is also sustained.

In response to Counts V and VI for Negligence and Gross Negligence, First Union maintains that plaintiff's cause of action, if any, sounds in contract and not in tort. The Supreme Court has established that if a duty arises solely from the existence of a contract, then the plaintiff cannot sue in tort for a breach of that duty. In *Richmond Metropolitan Auth. v. McDevitt Street Bovis*, 256 Va. 553 (1998), the Court stated, "We have acknowledged that a party can, in certain circumstances, show both a breach of contract and a tortious breach of duty. However, the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." (Internal citations omitted.)

The duty of the bank to properly maintain the plaintiff's joint bank account and to allow access to the funds in the account only upon the written authorization of both account holders is a duty that arose only with the contract between plaintiff and the bank. For that reason, the demurrer to Counts V and VI is sustained.

First Union also demurred to Count VII for bad faith but plaintiff conceded at the hearing on the demurrer that she did not have a cause of action for bad faith. As such, the court need not address the demurrer to this count.

Because all of the counts sounding in tort have been dismissed, the demurrer is also sustained as it relates to punitive damages and damages which seek compensation for emotional distress. *See Kamlar Corp. v. Haley*, 224 Va. 699 (1983). Furthermore, as the plaintiff has failed to plead that the damages flowing from the closing of her retirement account were within the contemplation of the parties at the time the contract was made with the bank, the demurrer is sustained with respect to those damages.