# CIRCUIT COURT OF THE CITY OF RICHMOND

Timothy F. Keeton

v.

Les W. Burke,
a/k/a Lester W. Burke,
and Bank of America, N.A.

July 24, 2013

Case No. CL13-1871-00

BY JUDGE MELVIN R. HUGHES, JR.

You will recall your recent appearance on the matter of a claimed exemption by the judgment debtor, Lester W. Burke, on a garnishment by the judgment creditor from an underlying judgment order in favor of the creditor, Timothy Keeton.

Upon the hearing, the court took the matter under advisement. Mr. Caudle cited as authority the case of *Rue & Associates, Inc. v. White*, 71 Va. Cir. 6 (2006). In that case, this court held that social security funds deposited in a joint account lost their exempt status due to commingling. In *Rue & Associates*, the court relied on the case of *Bernardini v. Central National Bank of Richmond*, 223 Va. 519, 290 S.E.2d 863 (1982). However, based on rulings since *Bernardini*, an opposite view is suggested. In *In re Meyer*, 211 B.R. 203 (Bankr. E.D. Va. 1997), the court questioned the continued validity of *Bernardini* due to later amendments to Va. Code § 34-29(d) after *Bernardini*. The *Meyer* court held that the effect of the amendment was to preserve the exemption for "earnings" even though the funds were deposited in the debtor's account. Here we are dealing with unemployment compensation and veteran's benefits deposited in a joint account owned by the judgment debtor and his daughter.

In light of the legislative changes to Va. Code § 34-29(d) following *Bernardini*, the exemption of "earnings" is preserved even though the funds have been deposited into the debtor's account. The *Meyer* court noted that the 1992 amendment to the statute included new language, which states that the earnings include those "traceable to the individual. . . ." The fact that the funds are deposited into a joint account does not change the fact that

the funds maintain their exempt status so long as they are traceable to the individual who holds the exemption(s).

Here, the judgment debtor has claimed exemptions for veteran's benefits pursuant to 38 U.S.C. § 5301 and for unemployment compensation benefits pursuant to Va. Code § 60.2-600. The federal and state codes, respectively, each provide that such funds are exempt from levy, attachment, seizure, execution and garnishment. The U.S. Code mentions "seizure" while the Va. Code mentions "execution" and "garnishment." Accordingly, the debtor's claims of exemption will be upheld and the garnishment summons dismissed.