Present:  Kinser, C.J., Lemons, Millette, Mims, McClanahan, and
Powell, JJ., and Lacy, S.J.

PS BUSINESS PARKS, L.P.
                                              OPINION BY
v.    Record No. 131282          JUSTICE LEROY F. MILLETTE, JR.
                                            APRIL 17, 2014
DEUTSCH & GILDEN, INC., ET AL.


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Robert J. Smith, Judge

     In this appeal we consider two issues related to the

garnishment of bank accounts.  First, we consider whether a

judgment creditor is entitled to funds held in an account not

titled to the judgment debtor when that account is a master

account participating in a "treasury management service" which,

in a "zero balance account arrangement," draws money each day

from the judgment debtor's account into the master account at

issue, and moves funds from that master account to the judgment

debtor's account on an as-needed basis to accomplish desired

transactions.  Second, we determine whether the circuit court

erred in not considering evidence of funds in the judgment

debtor's account during the period of time between service on

the garnishee of the garnishment summons and its return date.

                      I.   Facts and Proceedings

     PS Business Parks, LP, ("PS Business") rented a storefront

to Family Furniture Centers, Inc.  Deutsch & Gilden, Inc.

("Deutsch") guaranteed the lease.  When Family Furniture

Centers, Inc. and Deutsch stopped paying the lease, PS Business obtained a judgment against the companies in the amount of $664,923.34 plus interest and attorneys' fees.

PS Business, naming Deutsch as debtor, filed a garnishment summons naming SunTrust Bank as garnishee against "some other debt due or property of the judgment debtor, specifically all accounts, including account ending 61663." The garnishment was served on SunTrust on March 5, 2013, and the return date on the garnishment summons was April 12, 2013. SunTrust, in response to the garnishment summons, filed two separate checks with the Circuit Court of Fairfax County. SunTrust filed the first check on April 10, 2013. The check was in the amount of $15,050.11, and was drawn from an account ending in 95497, which was titled to Deutsch. On April 12, 2013, SunTrust filed a check in the amount of $133,656.69, drawn from an account ending in 61663, which was titled to G&D Furniture Holdings, Inc. ("G&D").

G&D filed a motion to quash the garnishment of G&D account 61663, arguing that the account was in its name, that it is a separate and distinct entity from Deutsch, and that it is not a party to the underlying action. G&D also submitted to the court a letter from SunTrust which indicated that G&D account 61663 belonged solely to G&D, and that Deutsch had two other separate accounts, one ending in 95497 and the other ending in 13869. In response to G&D's motion to quash, PS Business opposed that

2

motion and filed a cross-motion for further proceedings to ascertain the funds held by SunTrust in G&D account 61663 and the accounts titled in Deutsch's name. SunTrust subsequently filed an amended answer stating that the amount submitted to the court from account 61663 was erroneous and asserted that once the correct figure was determined its answer would be amended again.

At a hearing on the motion to quash, which was joined with PS Business's cross-motion for further proceedings, Andrew Dolson, vice president and assistant general counsel for SunTrust, testified on behalf of PS Business and confirmed that G&D is the title holder of the 61663 account. Dolson testified that the 61663 account was the "master account" in a "treasury management service" with a "zero balance account arrangement" with several associated subsidiary accounts, two of which were held by Deutsch. He further stated that as a part of the "treasury management service," the balance in the subsidiary accounts was drawn into the master account on a daily basis "to put the cash to some good[,] effective use." According to Dolson, "funds are brought back out of the master to the subsidiary accounts, . . . to answer for needs; to pay checks that are presented on that subsidiary account, to honor automated clearing house debits, to perform wire transfers,

3

[and] other sorts of desired transactions in the subsidiary accounts."

On cross-examination, Dolson indicated that he had no knowledge of any contractual arrangements between G&D and Deutsch. Dolson then explained that while the bank typically severs all ties between master and subsidiary accounts when it is served with a garnishment summons, SunTrust had not done so to all of the accounts in the present case. As a result, Dolson testified, the garnishment caused "the subsidiary accounts to be overdrawn or to have negative posted balances which caused funds to flow into them from the master [account]." Dolson indicated that he could not "represent that the bank's been able to make proper sense of [the account statements during the garnishment period, and] there are echoes and echoes upon echoes that happened of transactions." He explained, "transactions piled on transactions and resulted in . . . what the bank believes are not just faulty balance amounts or unreliable ones, but preposterously oversized amounts."

During the hearing, PS Business entered into evidence account statements for Deutsch account 95497 and a document showing the balance in G&D account 61663 on the April 2013 date when SunTrust filed its answer. The March 2013 bank statement for Deutsch account 95497 lists deposits in excess of $1.3 million, and withdrawals in excess of $1.2 million. The April

4

2013 bank statement for Deutsch account 95497 lists deposits in excess of $1.4 million, and withdrawals in excess of $1.5 million.  A majority, but not all, of the deposits into Deutsch account 95497 in both monthly statements are listed as "zero balance credit[s] from [G&D] acct . . . 61663," and a majority, but not all, of the withdrawals from Deutsch account 95497 are listed as "paid item[s]" to G&D account 61663.

At the conclusion of the hearing on the motion to quash, the circuit court granted G&D's motion to quash the garnishment of G&D account 61663.  The court ordered payment to PS Business of $15,050.11, the amount from Deutsch account 95497 which was unchallenged.  The court further ordered that the balance of the funds withheld by SunTrust and submitted to the court, "be returned as if the garnishment had not been filed."  We granted PS Business this appeal.

## II.  Discussion

### A.  Standard of Review

Whether a judgment debtor is entitled to funds in a bank account during a garnishment period is a mixed question of law and fact.  See Smyth County Comm. Hosp. v. Town of Marion, 259 Va. 328, 336, 527 S.E.2d 401, 405 (2000) (indicating that the application of a statutory requirement "is a mixed question of fact and law and we are not bound by the trial court's determination in this regard").  Therefore, while "'[w]e give

5

deference to the trial court's factual findings and view the facts in the light most favorable to the prevailing part[y,]' . . . we review the trial court's application of the law to those facts de novo."  Tuttle v. Webb, 284 Va. 319, 324, 731 S.E.2d 909, 911 (2012) (quoting Caplan v. Bogard, 264 Va. 219, 225, 563 S.E.2d 719, 722 (2002)).

B.  Garnishment of G&D Account 61663

PS Business argues that it is entitled to funds held in G&D account 61663 because Deutsch, the judgment debtor, has an interest in the account.  PS Business contends that Deutsch's interest is a "liability" subject to garnishment under the terms of Code § 8.01-511.  We disagree.

Under Code § 8.01-511, "a judgment creditor can institute garnishment proceedings if 'there is liability' on a third person to the judgment debtor."  Network Solutions, Inc. v. Umbro Int'l, Inc., 259 Va. 759, 768, 529 S.E.2d 80, 85 (2000). We have held that "'[l]iability' in this context means a 'legal obligation', 'enforceable by civil remedy,' 'a financial or pecuniary obligation,' or a 'debt.'"  Id.  Thus, because garnishment proceedings are "substantially . . . action[s] at law by the judgment debtor in the name of the judgment creditor against the garnishee, . . . the judgment creditor stands upon no higher ground than the judgment debtor and can acquire no

6

greater right than such debtor . . . possesses." Id. (quoting Lynch v. Johnson, 196 Va. 516, 521, 84 S.E.2d 419, 422 (1954)).

The relationship between a general depositor and the bank in which its deposit is made is simply that of creditor and debtor. The monies deposited become the property of the bank and the bank becomes a debtor to that depositor. Bernardini v. Central Nat'l Bank, 223 Va. 519, 521, 290 S.E.2d 863, 864 (1982). Deutsch is not the title owner of account 61663, G&D is. As the account is not in Deutsch's name, SunTrust does not stand in a relationship of debtor to Deutsch as to any funds in account 61663. In the absence of evidence regarding the contractual relationship between the Deutsch and G&D accounts, the periodic transfer of funds between those accounts does not establish a debtor relationship between SunTrust and Deutsch to the funds in G&D account 61663 that would subject those funds to a claim by a creditor with a judgment against Deutsch. As we have said,

> the judgment creditor[, PS Business,] stands
> upon no higher ground than the judgment
> debtor[, Deutsch,] and can acquire no
> greater right than such debtor himself
> possesses. In such a proceeding the claim
> of the judgment debtor[, Deutsch,] against
> the garnishee[, SunTrust,] must be certain
> and absolute, because our statutes do not
> authorize a court of law, in a mere side
> issue growing out of a garnishment
> proceeding, to exercise the intricate and
> complicated duties of a chancellor.

7

Lynch, 196 Va. at 521, 84 S.E.2d at 422.  Consequently, PS

Business, standing on no higher ground than Deutsch, the

judgment debtor, has no right to possession of the funds in G&D

account 61663, and cannot subject those funds to garnishment.

The circuit court did not err in ordering the return to G&D of

$133,656.69 drawn from account 61663.

C.   Garnishment of Deutsch Account 95497

PS Business argues that the total sum of deposits made to

Deutsch account 95497 during the garnishment period are subject

to the garnishment summons.  PS Business contends that the

circuit court erred in not entering an order of payment in favor

of PS Business in the amount of $726,049.43, the entire amount

of its judgment, because more than $1.2 million in deposits

primarily, but not exclusively, from G&D account 61663 were made

into Deutsch account 95497 during the garnishment period.

We agree with PS Business that the circuit court erred in

ordering payment of only $15,050.11 from Deutsch account 95497,

the amount remaining in that account on the date that SunTrust

answered the garnishment summons.

Code § 8.01-501 provides, in relevant part,

> Every writ of fieri facias shall, . . . be a
> lien from the time it is delivered to a
> sheriff or other officer, or any person
> authorized to serve process pursuant to
> § 8.01-293, to be executed, on all the
> personal estate of or to which the debtor
> is, or may afterwards and on or before the

8

> return day of such writ or before the return
> day of any wage garnishment to enforce the
> same, become, possessed or entitled, in
> which, from its nature is not capable of
> being levied on under such sections.

(Emphasis added.) Thus, a lien is created on the property held by a third party debtor on the date the writ of fieri facias is delivered to the officer or authorized individual. In re Lamm, 47 B.R. 364, 368 (E.D. Va. 1984).

However, the lien is not enforceable against a third party indebted to the judgment debtor until a garnishment summons is issued and served on the third party "garnishee." Under Code § 8.01-511, the garnishment summons must "direct the garnishee to withhold from the judgment debtor any sums of money to which the judgment debtor 'is or may be entitled' during the period between the date of service of the summons and the date of the garnishee's appearance in court to answer the summons." Virginia Nat'l Bank v. Blofeld, 234 Va. 395, 400, 362 S.E.2d 692, 695 (1987). Thus, upon service of the summons on the garnishee, the "debts already due to the judgment debtor when the summons in garnishment is served upon the garnishee [and] any indebtedness of the garnishee to the judgment debtor which arises between the date of service of such summons on the garnishee and the return date of the summons" is subject to garnishment. Id.

As a bank is a third party debtor to its account holders, any money that an individual or corporation deposits into an account held by the bank, unless otherwise specified, becomes the property of the bank and the bank is indebted to the holder of the account for the amount of the deposit until it is withdrawn.  Bernardini, 223 Va. at 521, 290 S.E.2d at 864 (holding that the sum of any deposits made to the judgment debtor's account "immediately become[s] property of the bank, and the latter becomes [a] debtor of the depositor."). Therefore, a bank may be a third party debtor subject to garnishment of the funds in its possession that are owed to the judgment debtor.

In the present case, SunTrust is a bank and third party debtor because it holds funds to which Deutsch is entitled in its account 95497.  The lien on the funds within Deutsch account 95497 became enforceable against SunTrust on March 5, 2013, when service of the garnishment summons was completed.  The return date on the garnishment summons was April 12, 2013.  Thus, any funds that reached the account between March 5, 2013 and April 12, 2013, the garnishment period, were funds that Deutsch was entitled to and, consequently, were funds subject to garnishment.

The bank statement for Deutsch account 95497 indicates that more than $1.2 million in deposits reached that account during

10

the garnishment period.  Moreover, Dolson testified during the hearing on the motion to quash that "beginning with the service date . . . and continuing through the closing of the garnishment window in April, the[] zero balance arrangement ties were left in place[, thus] causing the subsidiary accounts to be overdrawn or to have negative posted balances which caused funds to flow into them from the master."  While the large majority of these funds flowed from and to G&D account 61663, the bank statements in evidence also reveal credits from and debits to accounts other than G&D account 61663 during the garnishment period. When the sums were credited to Deutsch's account, they became subject to SunTrust's obligation as debtor to the depositor, Deutsch, and thus subject to garnishment by Deutsch's judgment creditors, including PS Business.  <u>Bernardini</u>, 223 Va. at 521, 290 S.E.2d at 864.  Thus, based upon the bank statements for Deutsch account 95497 and the testimony of Dolson, the amount of indebtedness of SunTrust to Deutsch during the period of the garnishment clearly exceeded the $15,050.11 that SunTrust paid to the court, which SunTrust represented to be the amount remaining in the account when it answered the garnishment. Therefore, the circuit court erred in ordering payment to PS Business of only $15,050.11 from Deutsch account 95497.

However, the extent to which the deposits exceeded $15,050.11 is not clear from the record before us because the

11

circuit court did not make any factual determination to ascertain funds held by SunTrust in Deutsch account 95497 during the garnishment period as requested by PS Business in its cross-motion. Absent this requisite inquiry, the record is silent as to which deposits were funds circulating between G&D account 61663 and Deutsch account 95497 during the garnishment period, and which deposits contained new funds.

Code §§ 8.01-519 and 8.01-565 provide the requisite steps for initiating a challenge to the garnishee's stated liability to the judgment debtor over the garnishment period in a garnishment proceeding. Code § 8.01-519 provides, in relevant part, "if it be suggested that [the garnishee] has not fully disclosed his liability, the proceedings shall be according to §§ 8.01-564 and 8.01-565, mutatis mutandis." Code § 8.01-565 provides that the plaintiff must raise a challenge to whether the codefendant, the garnishee, has fully disclosed "the debts owing by him, or effects in his hands belonging to the principal defendant in such attachment." Upon a plaintiff's challenge to the garnishee's disclosure, "the court, without any formal pleading, <u>shall inquire</u> as to such debts and effects, or, if either party demand, it shall cause a jury to be impaneled for that purpose." Code § 8.01-565 (emphasis added).

The record establishes that PS Business made a challenge before the circuit court to SunTrust's answer to the garnishment

12

summons on Deutsch account 95497 in the amount of $15,050.11.

PS Business stated,

> [Y]ou can see from the statements that are in evidence . . . there was more money that was drawn down from the 61663 account. In fact, 1.2 million during just the March portion of the garnishment period, from March 5 to April 12. Just during the March portion of that, there's 1.2 million drawn down from the 61663 account. And so I'd submit to the court that is the amount of money that Deutsch[] had available to it. That is the amount of money that is subject to garnishment, and that is the amount of money this court should enter an order for payment for to enforce the judgment that this Court itself has entered.

Once PS Business challenged SunTrust's answer to the garnishment summons, the circuit court was required by Code § 8.01-565 to initiate an inquiry into SunTrust's indebtedness to Deutsch over the garnishment period. The circuit court failed to do so. At the same time that the circuit court denied PS Business's garnishment against the funds in G&D account 61663 because Deutsch's name was not on that account, the court summarily denied any claim by PS Business to funds from the Deutsch account beyond the unchallenged $15,050.11 based upon "what the bank has testified to."

The alleged unreliability of the account statement does not exempt the account from review, as the plain language of Code § 8.01-565 necessitates a detailed inquiry into the "debts and effects" of the judgment debtor's account during the garnishment

13

period, irrespective of the surrounding circumstances. Because the circuit court failed to conduct this requisite inquiry into the total sum of the funds deposited into Deutsch account 95497 during the garnishment period, the record is insufficient for this Court on appeal to resolve the amount of indebtedness in excess of $15,050.11 of SunTrust to Deutsch, and therefore PS Business, during the garnishment period. When we determine that a circuit court has erred and that error has been challenged by the appellant, it is our responsibility to direct the circuit court to take appropriate action to correct the error in order to afford the appellant the relief to which it is entitled.

### III. Conclusion

For the reasons stated herein, we will reverse and remand this case to the circuit court to conduct a detailed inquiry into SunTrust's indebtedness to Deutsch for funds in account 95497 over the garnishment period which would create an obligation to PS Business through its garnishment summons. During the course of this inquiry, G&D and SunTrust will have the opportunity to assert defenses raised below that the funds belonged to G&D and not Deutsch, and that any funds deposited were revolving funds, the same funds repeatedly passing between G&D account 61663 and Deutsch account 95497, or any other relevant defense to liability for the amount of the judgment

14

based upon SunTrust's indebtedness to Deutsch for the sums in Deutsch account 95497 during the garnishment period.

We will affirm the circuit court's decision to grant the motion to quash garnishment of G&D account 61663.

Affirmed in part,
reversed in part,
and remanded.

JUSTICE McCLANAHAN, concurring in part and dissenting in part.

The majority reverses the circuit court and remands for an evidentiary hearing that was never requested, based on statutes (Code §§ 8.01-519 and 8.01-565) that were never argued nor cited by PS Business below nor on appeal. I am therefore compelled to dissent from the majority opinion adjudicating the circuit court's disposition of account 95497.[1]

We have recognized that "[a] garnishment action 'effectively is a proceeding by the judgment debtor in the name of the judgment creditor against the garnishee. The judgment creditor stands on no higher ground than the judgment debtor and can have no right greater than the judgment debtor possesses.'" Raley v. Haider, 286 Va. 164, 170, 747 S.E.2d 812, 815 (2013). Therefore, like any plaintiff, a judgment creditor bears the burden of proving damages. See Sunrise Continuing Care, LLC v.

---

[1] I join, however, in the portion of the majority's opinion holding that PS Business cannot garnish funds held in account 61663.

15

<u>Wright</u>, 277 Va. 148, 156, 671 S.E.2d 132, 136 (2009).  The majority recognizes that PS Business has failed to satisfy its burden.  For this reason, the majority will not direct the circuit court, upon the record before us, to issue a payment order for the amount requested under account 95497.  There is simply insufficient evidence upon which to do so.  Nevertheless, the majority reverses the circuit court's decision and remands the case for an evidentiary hearing pursuant to Code §§ 8.01-519 and 8.01-565.

PS Business has never argued, however, that the circuit court erred by failing to consider additional evidence, nor does it seek remand for that purpose.[2]  To the contrary, PS Business' arguments have consistently been predicated on the notion that it was entitled to receive a larger payment order <u>based on the evidence introduced during the hearing</u> on G&D Furniture Holdings' motion to quash the garnishment.  Indeed, PS Business requests that we hold it is entitled to such payment in the amount of $726,049.43 upon the record before us.

The relief granted by the majority pertaining to account 95497 is based entirely on the ground that PS Business is entitled to have the circuit court hear additional evidence

---

[2] In fact, an examination of the record and briefs in this case reveals that the two statutes relied upon by the majority in its analysis, Code §§ 8.01-519 and 8.01-565, have not been cited by PS Business at any stage of this litigation.

16

pertaining to SunTrust's liability to Deutsch & Gilden.  This argument was neither raised by PS Business in an objection in the circuit court, as required by Rule 5:25, nor was it addressed in PS Business' Assignments of Error, as required by Rule 5:17(c)(1)(i).[3]  Consequently, it has been waived under both Rules.  For the majority to nonetheless raise the issue sua sponte and rely on it as the basis for reversal renders completely arbitrary this Court's application of Rules 5:25 and 5:17.

We are not a court of equity, and as such, "[w]e can consider only such errors as are properly saved in the record

---

[3] Rule 5:25 establishes that "[n]o ruling of the trial court. . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling."  Applying this contemporaneous objection requirement, we have long held that "an objection to a ruling of the trial court must be made and an exception taken at the time the occasion arises, otherwise the objection is waived" and will not be considered on appeal.  Witt v. Merricks, 210 Va. 70, 73, 168 S.E.2d 517, 519 (1969).

Rule 5:17(c)(1)(i) states that "[o]nly assignments of error assigned in the petition for appeal will be noticed by this Court."  We have repeatedly interpreted this Rule, along with its Court of Appeals counterpart, Rule 5A:12(c)(1)(i), to stand for the proposition that "we will not consider . . . arguments [that] were not made in the petition for appeal."  West v. Commonwealth, 249 Va. 241, 243 n.1, 455 S.E.2d 1, 2 n.1 (1995); see also Commonwealth v. Brown, 279 Va. 235, 241, 687 S.E.2d 742, 745 (2010) ("The Court of Appeals can only consider issues properly brought before it by the litigants."); Clifford v. Commonwealth, 274 Va. 23, 25, 645 S.E.2d 295, 297 (2007) (same); accord Robinson-Huntley v. George Washington Carver Mut. Homes Assn., 287 Va. ___, ___ S.E.2d ___, ___ (2014) (this day decided) (refusing to reverse a trial court's denial of attorney's fees based on an error not assigned by Appellant).

17

and presented to us by appropriate assignments of error." Wash v. Holland, 166 Va. 45, 54, 183 S.E. 236, 240 (1936); see Harriss, Magill & Co. v. John H. Rodgers & Co., 143 Va. 815, 854, 129 S.E. 513, 525 (1925) (Christian, J., dissenting) (noting we are not permitted to "make a case different from the plaintiffs' pleadings, and then try and decide the same upon an issue never suggested or considered by the trial court."). Upon consideration of the evidence in the record and the errors assigned by PS Business, I can find no basis for reversal, and I would affirm the circuit court's decision.