FREDDIE W. LEWIS, ET AL.

V.

WILMA CARR HOUSE

Record No. 831277

September 5, 1986

Present: All the Justices

*Allan D. Zaleski (Robinson, Eichler, Zaleski & Mason,* on brief), for appellants.
*Tom C. Smith* for appellee.

COCHRAN, J., delivered the opinion of the Court.

This appeal presents the novel question to what extent a joint bank account is subject to garnishment by a creditor of one of the owners.

Wilma Carr House obtained a judgment against Freddie W. Lewis in the amount of $300,000, with interest and costs, for personal injuries arising from an automobile accident. Lewis's insurance carrier paid on the judgment $50,000, the full amount of the liability coverage. House then caused a garnishment to be issued, suggesting that there was liability on United Virginia Bank by reason of deposits. At that time, there were in the bank one checking account and one savings account, each in the names of "Freddie W. Lewis or Janie M. Lewis," in the total amount of $9,909.46.

Freddie W. Lewis thereafter filed a homestead deed claiming the sum of $3,780 of the $9,909.46 as exempt under Code § 34-4. At a hearing in the trial court, Janie M. Lewis, wife of Freddie W. Lewis, intervened and claimed a one-half interest in the funds on deposit. No testimony was taken about the source of the money or about any agreement that may have existed between the husband and wife. Indeed, no testimony of any kind was taken; the facts were stipulated. By order entered May 6, 1983, the trial court ordered United Virginia Bank to pay to House the sum of $6,129.46, being the aggregate amount of the two deposits less the sum of $3,780 claimed by Freddie Lewis as exempt under his homestead deed.

On appeal, the Lewises concede that House could reach by garnishment funds of Freddie Lewis on deposit.[1] They argue, how-

---

[1] In view of this concession, we do not here decide the threshold question whether any funds in a joint account may be garnished by a creditor of only one of the joint depositors. The decisions of other jurisdictions on this question are not uniform. Some hold that a joint account is immune from garnishment to satisfy the debt of an individual depositor. *See, e.g., Griffin* v. *Prince,* 632 S.W.2d 532 (Tenn. 1982) (joint account construed as owned by spouses as tenants by entirety). Others hold the entire account subject to garnishment. *See, e.g., Park Enterprises, Inc.* v. *Trach,* 233 Minn. 467, 47 N.W.2d 194 (1951) (creditor is in effect subrogated to rights of depositor against bank and, like depositor, may reach entire account). Still others find that the account is garnishable in proportion to the debtor's

ever, that, in the absence of clear and convincing evidence to the contrary, they owned the joint accounts equally under Code § 6.1-125.3.[2] Therefore, they say, Janie M. Lewis was entitled to one-half, or $4,954.73, Freddie W. Lewis was entitled to $3,780, and House was entitled to the balance of $1,174.73. They ask for reversal and final judgment in these amounts or, in the alternative, for reversal and remand for a new trial. House, on the other hand, argues that in the case of husband and wife Code § 6.1-125.3 makes an exception to the general rule that "joint depositors have a right to the deposits in proportion to the amount contributed by each." She says that, because either husband or wife may withdraw all the funds in the account, each owns the entire account so that a creditor of either can subject the entire account to garnishment. We disagree.

Code §§ 6.1-125.3 through -125.5, adopted in 1979, effective July 1, 1980 (Acts 1979, c. 407), govern the rights of ownership and survivorship as between depositors in joint accounts. Code § 6.1-125.2 states that these provisions concern "beneficial ownership as between parties" and "are relevant only to controversies between these persons and their creditors and other successors, and have no bearing on the power of withdrawal of these persons as determined by the terms of account contracts."[3] As enacted in 1979, Code § 6.1-125.3 provided as follows:

*§ 6.1-125.3. Ownership during lifetime.* — A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent.

. . . .

---

ownership interest. *See, e.g., Hayden* v. *Gardner,* 238 Ark. 351, 381 S.W.2d 752 (1964) (entire account subject to garnishment, with burden on depositors to show actual ownership interests).

[2] *§ 6.1-125.3. Ownership during lifetime.* — A. A joint account belongs, during the lifetimes of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, except that a joint account between persons married to each other shall belong to them equally, and unless, in either case, there is clear and convincing evidence of a different intent.

. . . .

[3] Code §§ 6.1-125.9 through -125.14 establish rights and liabilities as between joint depositors and financial institutions.

By amendment in 1982, the General Assembly added to this provision the exception for joint accounts of husbands and wives contained in the current statute. Acts 1982, c. 302.

■ As Code § 6.1-125.2 expressly provides, joint account depositors' ownership rights are not affected by contract provisions which allow either depositor to withdraw the entire account. Rather, the General Assembly expressly established the ownership rights of each. Initially, husbands and wives were presumed to own the funds on deposit in joint accounts in proportion to their respective contributions. Code § 6.1-125.3(A) (1979). Following amendment, however, they are presumed to own the account "equally." Code § 6.1-125.3(A) (Supp. 1982).

■ We construe the word "equally" to mean "in equal proportions." The placement of this provision in a statute governing the proportionate ownership interests of joint depositors supports this view. Indeed, the General Assembly obviously intended such a construction, as it elsewhere referred to "the proportions provided in § 6.1-125.3 A" for ownership of joint accounts between husband and wife. *See* § 6.1-125.4. Thus, we find no merit in House's contention that, because a joint account belongs to spouses "equally," the entire account is owned by each.

■ We believe it was the intent of the General Assembly to place a husband and wife in a position more favorable in relation to creditors than that of other joint depositors by providing a presumption protecting from creditors one-half of their joint funds, regardless of the amount of contributions made by each to the account. Therefore, we construe the statutory language to establish a rebuttable presumption that each spouse owns one-half the joint deposit. It is the burden of the creditor to rebut the presumption by producing clear and convincing evidence that his debtor owns more than one-half the deposit.

In the present case the presumption stands unrebutted by any evidence. Therefore, we hold that Janie M. Lewis was the owner of $4,954.73 of the deposit and that House was entitled to $1,174.73, being $4,954.73 less the sum of $3,780 to which Freddie W. Lewis was entitled under his homestead exemption. Accordingly, we will reverse the judgment of the trial court in favor of House in the sum of $6,129.46 and enter judgment in favor of House in the amount of $1,174.73.

*Reversed and final judgment.*