## CIRCUIT COURT OF THE CITY OF RICHMOND

Kenbridge Building Systems, Inc.

v.

David W. Love
and Sovran Bank, N.A.

August 7, 1991

Case No. LT-45-2

By JUDGE MELVIN R. HUGHES, JR.

The question in this garnishment case is whether a judgment creditor of a husband but not of the wife can execute on a joint account and reach rent proceeds in the account from real estate owned by them as tenants by the entireties. Plaintiff obtained a judgment against David W. Love, the husband. Sovran Bank has answered that it holds two joint accounts held in the name of Mr. and Mrs. Love. The evidence revealed that both accounts together hold substantial amounts of the rent funds.

The Supreme Court of Virginia held in *Oliver v. Givens*, 204 Va. 123 (1963), that proceeds from the sale of land held by the entireties was likewise held by the entireties. In *Lewis v. House*, 232 Va. 28 (1986), the Court held, construing an amendment to § 6.1-125.3(A), the statute governing the proportionate ownership interests of joint depositors, that the General Assembly intended to place a husband and wife in a more favorable position than other joint depositors. It held in Lewis that rather than respective contributions being subject to creditors the amending word "equally" in § 6.1-125.3(A) -- applied to husband and wife -- established a rebuttable presumption that each spouse owns one-half the joint deposit. The burden

would then be on the creditor to show that the debtor owns more than one half of what is on deposit. *Lewis* at p. 31. The question then becomes whether *Oliver* still has force, and if it does, are rent proceeds in the married persons' joint account from land so held also held by the entireties. If they are, plaintiff being a creditor of only one cannot execute on these funds at all.

*Oliver* and *Lewis* did not cover a situation, as here, where the funds are on deposit in a joint account and they are from rents, profits, or a sale of land held by tenants by the entireties. Contrary to plaintiff's position that *Lewis* controls there is nothing there that suggests that *Oliver* is no longer good law and that rents from such land are any different in character than sale proceeds from land held by the entireties. In *Oliver* the Court ruled that in Virginia, personalty as well as realty may be held by married persons as tenants by the entireties. Absent any agreement or understanding to the contrary, just as with sale proceeds, rents from such real estate are also held by the entireties. *Oliver* at p. 126.

The Court rules in favor of the judgment debtor as to all funds held in the joint accounts that are rent proceeds according to the evidence.