## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Jeri Sulzman

v.

Richard J. Barnick

Case Nos. CL01-245-03 and CL01-245-04

BY JUDGE WILLIAM H. LEDBETTER, JR.

June 9, 2003

The issue in this garnishment proceeding is whether a joint bank account held by a husband and wife "with survivorship" is subject to garnishment by a judgment creditor of one of them.

*Facts*

The pertinent facts are not disputed.

Group 9 Productions, Inc., a corporation, made a promissory note payable to Sulzman in the sum of $238,000.00. Richard J. Barnick was guarantor on the note. When Group 9 defaulted, Sulzman sued. He obtained a judgment against Group 9 and Barnick on June 14, 2002.

In an effort to collect on the judgment, Sulzman instituted this garnishment proceeding. The garnishment summons was directed to First Virginia Bank. The Bank answered that it held a joint checking account in the names of Barnick, the judgment debtor, and Florence C. Barnick. The account contains almost $180,000.00.

The Barnicks are husband and wife. They opened the account several years ago as a joint checking account. The signature card, dated April 24, 1992, provides that the account is held jointly "with survivorship."

Mrs. Barnick was allowed to intervene in this proceeding without objection. She moved to quash the garnishment on the ground that the funds are held as tenants by the entirety and, consequently, are not subject to execution by the creditor of one spouse only. Mr. Barnick agrees with his wife's position.

Sulzman, of course, takes a different view. He argues that the account is not held by the Barnicks as tenants by the entirety.

Arguments were heard on May 5, 2003, on Mrs. Barnick's motion to quash. The matter was taken under advisement. Both parties filed memoranda. This opinion letter addresses Mrs. Barnick's motion.

### Applicable Legal Principles

At first glance, it would appear that Virginia Code § 6.1-125.3 controls. That statute, contained in a chapter that addresses multiple-party banking accounts, provides that a joint account belongs to a husband and wife equally unless there is clear and convincing evidence of a different intent. By definition, a joint account means an account payable on request to either party "whether or not mention is made of any right of survivorship." Virginia Code § 6.1-125.1(4).

However, a footnote in a Supreme Court decision indicates that there is a threshold question whether funds in a joint account can be reached by a creditor of only one of the parties on the joint account.

In *Lewis v. House*, 232 Va. 28, 348 S.E.2d 217 (1987), the Lewises, husband and wife, owned a joint bank account. House, a judgment creditor of the husband, caused a garnishment to issue to the bank. The Lewises argued that they owned the account equally in the absence of clear and convincing evidence to the contrary. Therefore, they said, House could reach only half the funds. House argued that each party owned the entire account so that a creditor of either could subject the entire account to garnishment.

Justice Cochran, writing for a unanimous court, noted that the Lewises' argument conceded that House could reach the husband's funds in the account. By footnote, he observed:

> In view of this concession, we do not here decide the threshold
> question whether any funds in a joint account may be garnished

by a creditor of only one of the joint depositors. The decisions of other jurisdictions on this question are not uniform. Some hold that a joint account is immune from garnishment to satisfy the debt of an individual depositor. ... Others hold the entire account subject to garnishment. ... Still others find that the account is garnishable in proportion to the debtor's ownership interest. . . .

The Court then went on to agree with the Lewises that the word "equally" in § 6.1-125.3 means "in equal proportions." So, for purposes of that case, the Court said a husband and wife own a joint account in equal proportions during their lifetimes unless it can established by clear and convincing evidence that the debtor owns more than half the account. Because House had produced no such evidence, he was entitled to reach one-half of the funds in the account.

Mrs. Barnick argues, in essence, that, if there is room for a threshold determination before applying § 6.1-125.3, as indicated in *Lewis*, the threshold question in this case is whether the Barnicks own this account as tenants by the entirety. If that question is answered in the affirmative, she says, Mr. Barnick's interest, whatever it may be, is not subject to execution by his separate creditors, and § 6.1-125.3 is not implicated.

Sulzman seems to accept the proposition that Mrs. Barnick's threshold question is appropriate. He contends that the account is not held as a tenancy by the entirety because there is no language in the instrument that created the asset, the signature card, indicating an intent to create a tenancy by the entirety.

Tenancies by the entirety are based on the same four unities that support joint tenancies, unities of title, estate, time, and possession. Tenancies by the entirety are also supported by a fifth unity, unity of marriage.

When a husband and wife hold property as tenants by the entirety, neither spouse can defeat the survivorship interest of the other spouse; neither spouse can dispose of the property; nor can one spouse's creditors subject the property to the satisfaction of his lien. *Rogers v. Rogers*, 257 Va. 323, 512 S.E.2d 821 (1999); *Jones v. Conwell*, 227 Va. 176, 314 S.E.2d 61 (1984); see also *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951).

Virginia accepts the majority view that personal property as well as realty may be held by a husband and wife as tenants by the entirety. *Oliver v. Givens*, 204 Va. 123, 129 S.E.2d 661 (1963).[1]

---

[1] At least one authority has said that Virginia recognizes a tenancy by the entirety in personal property only if the personal property represents proceeds of sale of real

In Virginia, survivorship in all co-tenancies has been abolished by statute. Virginia Code § 55-20. Because a key element of tenancies by the entirety is survivorship, § 55-20 abolishes tenancies by the entirety. However, the statutory abolition of survivorship in § 55-20 does not apply when it "manifestly appears" from the instrument creating the co-tenancy that survivorship is intended. Virginia Code § 55-21.

Thus, under § 55-21, a tenancy by the entirety can exist in Virginia if the instrument creating the estate "manifests" an intent of survivorship. See 9B M.J., *Husband and Wife*, § 29.

Hence, it can be said that the answer to Mrs. Barnick's threshold question turns upon whether the instrument creating the account, the signature card, meets the requirements of § 55-21. The Supreme Court has held that § 55-21 applies to bank accounts. *Colley v. Cox*, 209 Va. 811, 167 S.E.2d 317 (1969).

Here, the signature card plainly, clearly, and unmistakably "manifests" an intent of survivorship. Those words, "with survivorship," are expressly contained on the card. The requirements of § 55-21 are met.

Nevertheless, Sulzman argues, the parties must manifest an intent to create the tenancy by the entirety, not just survivorship. The court disagrees.

Where a husband and wife own property "jointly with survivorship," they own it as tenants by the entirety. The five unities are in place; so, by definition, a tenancy by the entirety is created. With the use of the words "with survivorship," the saving provision of § 55-21 is triggered, and the tenancy survives § 55-20.

This court finds no authority for the proposition that the instrument must not only manifest an intent of survivorship but must also identify the joint tenants as "husband and wife" or must use the magic words "tenants by the entirety" on the face of the instrument for a tenancy by the entirety to be created. A conveyance to a husband and wife together with language that manifests an intent to create a right of survivorship, without more, creates a tenancy by the entirety. *King v. Zella*, 202 Bankr. 712 (Bankr. E.D. Va. 1996).

## Conclusion

This court is of the view that § 6.1-125.3 is not as clear-cut and dispositive as it may first appear. Based on the footnote in *Lewis v. House*, a threshold

---

property held as tenants by the entirety. That restrictive view of the holding in *Oliver v. Givens* is at odds with the specific language of the case, and this court rejects such a tethered interpretation.

determination must be made whether, under the particular circumstances, a joint bank account is garnishable by a creditor of one of the joint depositors. Only if it is subject to garnishment do the provisions of § 6.1-125.3 become relevant. For the reasons explained above, the joint account in this case is held by the Barnicks as tenants by the entirety and is not subject to the garnishment of Sulzman, Mr. Barnick's creditor.

Mrs. Barnick's motion to quash is granted, and the garnishment will be dismissed.

July 8, 2003

The judgment creditor in this garnishment proceeding asks the court to reconsider its ruling that a joint bank account of the judgment debtor and his wife is not subject to this garnishment because of the manner in which the account is held.

The facts and applicable legal principles are set forth in the court's opinion letter of June 9, 2003. There, this court observed that although Virginia Code § 6.1-125.3 would appear to control the outcome of this dispute, certain statements made in a footnote in *Lewis v. House*, 232 Va. 28, 348 S.E.2d 217 (1987), indicate that there is a threshold issue to be resolved before one applies the statute to a dispute involving a joint bank account owned by a husband and wife. That threshold issue is, simply, whether the funds can be garnished by a creditor of only one of the joint depositors.

After analyzing the legal principles pertinent to the case, this court concluded in its June 9, 2003, opinion that the funds are held by the judgment debtor and his wife as tenants by the entirety and thus the account is immune from Sulzman's garnishment effort.

In his motion for reconsideration, Sulzman argues again that the instrument creating a tenancy by the entirety must identify the owners of the property as husband and wife. Sulzman points out that the court's citation of a bankruptcy court decision, *King v. Zella*, 202 Bankr. 712 (Bankr. E.D. Va. 1966), is misplaced, because that case does not stand for the proposition for which it was cited.

Even if the court's reference to *King v. Zella* is inappropriate, the underlying legal principle stated by this court is correct; co-tenants do not have to be identified as husband and wife in the instrument in order to create a tenancy by the entirety.

To recap, a tenancy by the entirety is one in which a husband and wife hold property as a single entity. The unities of time, title, interest, and possession, the four unities requisite to a joint tenancy, are joined with a fifth unity, marriage. By reason of these unities, the husband and wife, as a single legal entity, own the property with right of survivorship.[2] An estate by the entirety resembles a joint tenancy except that a joint tenancy may be vested in any number of co-tenants whereas a tenancy by the entirety is vested in two persons only, a husband and wife, who are regarded by law as one and who are seised of the property as a whole. Neither party individually can dispose of or encumber the property.

Against that background, and actually because of that background, it is generally held that the instrument creating a tenancy by the entirety need not describe the co-tenants as husband and wife or otherwise refer to their marital relationship. The estate by the entirety is created by reason of the persons'[3] legal unity by marriage, not by words in the creating instrument. 41 Am. Jur. 2d, *Husband and Wife*, § 31.

(To further make the point, the converse likewise is true; even if the instrument explicitly refers to the parties as husband and wife and seeks to create a tenancy by the entirety, if in fact the parties are not married to one another, no tenancy by the entirety is created. Thus, again, words in the instrument are not dispositive.)

Where, as in Virginia, a tenancy by the entirety can exist in personal property represented by an instrument, no reference to the parties as husband and wife is necessary to create a tenancy by the entirety, according to most authorities. 41 Am. Jur. 2d, *Husband and Wife*, § 33; 10 Am. Jur. 2d, *Banking*, § 685.

----

[2] Survivorship generally has been abolished by statute in Virginia. Va. Code § 55-20. However, the signature card in this case contains the phrase "with survivorship," thereby triggering the saving provisions of Va. Code § 55-21, so survivorship is preserved.

[3] As noted in footnote number 2, the instrument must contain words manifesting an intention of survivorship. Virginia Code § 55-21. Also see § 55-20.2, enacted in 2001, which clarifies that personal property may be owned by the entirety. The statute also provides that survivorship can be manifested by use of words identifying the parties as husband and wife as "tenants by the entirety." Interestingly, and pertinent to this case, the statute does not require a reference to the parties as husband and wife, but merely allows that reference, combined with the identification of the tenancy as "tenancy by the entirety," to manifest intent of survivorship.

Further, it is generally held that ownership of a bank account by the entirety is not precluded by the fact that, under the terms of the depositors' agreement with the bank, either husband or wife can withdraw funds. 10 Am. Jur. 2d, *Banking*, § 685.

For these reasons and the other reasons stated in the opinion letter of June 9, 2003, as well as arguments of counsel on June 26, 2003, the motion for reconsideration will be denied.