## CIRCUIT COURT OF THE CITY OF RICHMOND

Rue & Associates, Inc.

v.

Philip J. White, III,
a/k/a Phil White, III,
individually as guarantor,
White's Automotive Co.,
and Wachovia Bank, N.A.

Case No. CL04S-1656

BY JUDGE MELVIN R. HUGHES, JR.

January 4, 2006

Following the jury deliberations, which ended in a verdict for the Plaintiff, Defendants moved to set the verdict aside and award judgment in their favor.

Defendants argue that the verdict cannot be well founded because, in addition to proving the written contract as pleaded, Plaintiff proved a subsequent oral or implied contract or *quantum meruit*, which was never pleaded. *See Ted Lansing Supply Co. v. Royal Aluminum & Construction*, 221 Va. 1139 (1981). They argue that the proof for most of the damages was for work proposed and done two years after the parties executed the written contract sued upon. This work consisted of the installation of the Galaxy Computer System designed to track billings and finances of Defendant White Automotive Company. Defendants contend that the computer system is no more than an "agreement to agree in the future."

The court decides to overrule the motion. The written contract Plaintiff sued upon as alleged in the Motion for Judgment contains the following relevant provision covering the scope of the work:

> *Services.* During the term of this agreement, Company will provide the Customer when requested and at mutually agreeable times with *general business consulting services and accounting/bookkeeping services.* ...

(Emphasis added.)

The services described are sufficiently broad to capture the disputed proposed work for and work done in the installation of the Galaxy system. It was, after all, in large part, a system designed to control and monitor the financial records of the business. So, even though Plaintiff did not allege an oral or implied contact or *quantum meruit*, the jury could reasonably apply the contract services standard mentioned in the parties' written contract to include the work on the Galaxy computer system. Galaxy can be seen as part of that which was proposed and installed pursuant to Plaintiff's contractual commitment to provide "general business consulting services and accounting/bookkeeping services."

For these reasons, Defendants' motion shall be denied.

## July 18, 2006

The primary issue in this garnishment proceeding is whether two joint accounts owned by husband and wife, one of whom is a judgment debtor, is subject to a lien in favor of a judgment creditor. The joint account signature card reads "joint account" and has a provision for survivorship but does not mention "tenants by the entirety" or "husband and wife" etc.

According to the letter memoranda submitted by both sides, and contrary to the court's intimation at the hearing, Virginia law does allow married couples to hold personal property as tenants by the entirety. See Va. Code §§ 55-20.1 and 55-20.2.

The judgment debtor relies on *Sulzman v. Barnick,* 62 Va. Cir. 139 (2003), where the court found that a joint account held by husband and wife, with survivorship, is by definition immune from execution by a judgment creditor of one of them. The court took the view that the joint account was so immune even though it was not expressly designated as tenants by the entireties property. Va. Code § 55-20.1 provides:

§ 55-20.1. *Joint ownership in real and personal property.* – Any persons may own real or personal property as joint tenants with or without a right of survivorship. When any person causes any real or personal property, or any written memorial of a chose in action, to be titled, registered, or endorsed in the name of two or more persons "jointly," as "joint tenants," in a "joint tenancy" or other similar language, such persons shall own the property in a joint tenancy without survivorship as provided in § 55-20. If, in addition, the expression "with survivorship," or any equivalent language, is employed in such titling, registering, or endorsing, it shall be presumed that such persons are intended to own the property as joint tenants with the right of survivorship as at common law. This section is not applicable to multiple party accounts under §§ 6.1-125.1 through 6.1-125.16, or to any other matter specifically governed by another provision of this code.

The next section which speaks directly to tenants by the entireties provides in pertinent part:

§ 55-20.2. *Tenants by the entireties in real and personal property; certain trusts.* – A. Any husband and wife may own real or personal property as tenants by the entireties. Personal property may be owned as tenants by the entireties whether or not the personal property represents the proceeds of the sale of real property. An intent that the part of the one dying should belong to the other shall be manifest from a designation of a husband and wife as "tenants by the entireties" or "tenants by the entirety." . . .

According to the judgment debtor, no reference need be made to Va. Code §§ 6.1-125.1 through 6.1-125.16 in the last sentence of Va. Code § 55-20.1 because the statute does not apply. Rather, according to the judgment debtor, Va. Code § 55-20.2 applies along with *Sulzman*, making the subject account one held as tenants by the entireties and thus only subject to joint debt. The judgment creditor, on the other hand, maintains that Va. Code § 55-20.1 controls. The last sentence of the section requires, under the referenced Va. Code § 6.1-125.1 that joint accounts held by married persons shall belong to them equally unless there is clear and convincing evidence of a different intent.

The court agrees with *Sulzman* that the threshold issue is whether the joint account is garnishable in the first place, notwithstanding Va. Code § 6.1-125.3. This court, however, thinks that it is.

Va. Code § 55-20.2 gives clear direction that, in order to be held as tenants by the entireties, the property be designated as such. Without that indication, we must then look to § 55-20.1, which exempts, in the last sentence, multiple party accounts, even ones with designated "joint" and "with survivorship," as here. It is important to note that the statutes are located in the title of the Virginia Code dealing with property and conveyances. Va. Code § 55-20 abolished the common law right of survivorship between joint tenants. *Buck v. Jordan*, 256 Va. 535, 543 (1998). See also *Bennet v. First & Merchants Nat'l Bank*, 233 Va. 355, 360, 355 S.E.2d 888, 891 (1987). The effect of the two statutes is to abolish such tenancies unless the words of the grantor manifest an intent to establish either one of them. *Wolfe v. Sprouse*, 183 Bankr. 739 (W.D. Va. 1995), aff'd 91 F.3d 133 (4th Cir. 1996). So, when property that is otherwise within the purview of Va. Code § 55-20.1 matches the definition of account referenced in Va. Code §§ 6.1-125.1 through 6.1-125.16 in the last sentence of the statute, those provisions govern issues of ownership etc. and, as in this context, issues concerning entitlement on a garnishment of one of the joint depositors.

Mrs. White testified that the account(s) were used to pay "personal" bills of both parties, which the court took to mean bills of the two generally. This puts the evidence within the confines of the presumptive owned "equally" provision of Va. Code § 6.1-125.3. Thus, one half the account is subject to collection by the judgment creditor in the garnishment.

The court agrees with the judgment creditor about the deposit of social security benefits paid to the wife in this instance and deposited into the joint account. *Bernardini v. Central National Bank of Richmond*, 223 Va. 519, 290 S.E.2d 863 (1982), held that exempt funds deposited into a general account and commingled with non-exempt funds lose their exempt status. Accordingly, because these funds have been commingled with non-exempt funds in a general bank account, which has been used by both parties to pay individual and joint bills, the social security benefits are no longer exempt. While the court is aware that several federal courts have questioned the holding of *Bernardini*, the court will adhere to this binding precedent. *See NCNB Financial Services v. Shumate*, 829 F. Supp. 178, 180-81 (W.D. Va. 1993), *aff'd sub nom. NationsBank of North Carolina, N.A. v. Shumate*, 45 F.3d 427 (4th Cir. 1994), cert. den. 515 U.S. 1161, 132 L. Ed. 2d 859, 115 S. Ct. 2616 (1995) (holding that under 42 U.S.C. § 407(a), social security benefits commingled with other non-exempt funds in a bank account remain exempt if the funds are "reasonably traceable to social security income"). The *Bernardini* court distinguished *Philpott v. Essex County Welfare Board*, 409

10

U,S. 413 (1973), a case that held that, under federal law, social security benefits are exempt. The court made the distinction in part on evidence of commingling, which is the case here.